UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

UNITED STATES OF AMERICA                                        RESPONDENT

vs.                                    Criminal No. 4:18-cr-40011
                                       Civil No. 4:20-cv-04050

RANDY CALDWELL                                                        MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Movant Randy Caldwell's ("Caldwell") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  ECF No. 40.  Caldwell originally filed this Motion *pro se,* but he was later appointed counsel, Mr. Bruce Eddy, to file a supplement to that Motion.  *See* ECF No. 44.  After being directed by the Court to respond, the Government filed a response to this Motion.  ECF No. 45.  This matter is now ripe for consideration.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.  The Court has reviewed the Motion and the response; and based upon that review, the Court recommends this Motion be **DENIED**.

1.    **Procedural Background[1]:**

On June 5, 2018, Caldwell was charged in a two-count Indictment issued by a Federal Grand Jury for the Western District of Arkansas.  ECF No. 1.  With this Indictment, Caldwell was charged with distribution of methamphetamine.  *Id.*  Count One charged as follows:

> On or about July 14, 2017, in the Western District of Arkansas, Texarkana Division, the defendant, RANDY CALDWELL, a/k/a Scobbie, knowingly and intentionally distributed more than 5 grams of methamphetamine, a schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 841(b)(1)(B)(viii).

---

[1] The "Procedural Background" is taken from the pleadings and publicly filed documents in this case.

Count Two charged as follows:

> On or about July 17, 2017, in the Western District of Arkansas, Texarkana Division, the defendant, RANDY CALDWELL, a/k/a Scobbie, knowingly and intentionally distributed more than 50 grams of methamphetamine, a schedule II controlled substance, in violation of Title 21 U.S.C. § 841(a)(1) and Title 21 U.S.C. § 841(b)(1)(A)(viii).

*Id.*

On June 8, 2018, Caldwell was arraigned before the undersigned, and Mr. Morse Gist was appointed to represent Caldwell. ECF No. 6. Thereafter, on December 19, 2018, Caldwell appeared with counsel before the Honorable Susan O. Hickey for a change of plea hearing and entered a plea of guilty to Count Two of the Indictment. ECF No. 23. Also on that date, Caldwell submitted his Plea Agreement. ECF No. 24.

As a part of this Plea Agreement, Caldwell agreed to the following facts:

a.      On July 17, 2017, detectives with the South Central Drug Task Force monitored a telephone conversation between a confidential informant (C.I. #1) and RANDY CALDWELL, who C.I. #1 knew as "Scobbie". C.I. #1 told CALDWELL that they would combine money with C.I. #2 to purchase a large amount of methamphetamine. CALDWELL agreed to sell C.I.s six grams short of 3 ounces of methamphetamine for $1,550. CALDWELL also agreed to meet the C.I.s at this brother's residence in Hope, Arkansas. Prior to the transaction detectives monitored two more phone calls between CALDWELL and C.I. #1 finalizing the details of the transaction.

b.      The C.I.s were provided with $2,000 in prerecorded buy money, equipped with audio/video recording equipment and surveilled by detectives during the controlled purchase. The C.I.s then travelled to the agreed upon location in Hope, Arkansas to meet CALDWELL. Detectives observed CALDWELL's vehicle parked at the aforementioned location. A short time later, detectives observed the C.I.s and CALDWELL leave the residence. The recordings show CALDWELL enter the vehicle operated by the C.I.s, removing three bags of methamphetamine, weighing the methamphetamine, counting the $2,000 in buy money, and handling the methamphetamine over to the C.I.s. Detectives later collected the bags containing the suspected methamphetamine from the C.I.s, which was acquired from CALDWELL.

c.      The methamphetamine was tested by the Arkansas State Crime Laboratory and found to contain 49.3113 grams of methamphetamine at 85% purity or 41.91

2

grams of actual methamphetamine; 27.8606 grams of methamphetamine at 99.3% purity or 27.67 grams of actual methamphetamine; and 28.0679 grams of methamphetamine at 91% of purity or 25.54 grams of actual methamphetamine.

ECF No. 24 at 1-2.  The Parties stipulated the gross base offense level was 30 pursuant to the United States Sentencing Guidelines (U.S.S.G.).  *Id.* at 4.  The Parties also stipulated that "[s]hould the Court find the Defendant qualifies as a career offender pursuant to U.S.S.G. § 4B1.1, the Defendant acknowledges his gross base offense level will be adjusted accordingly."  *Id.* at 4-5.

A Presentence Investigation Report ("PSR") was ordered.  Caldwell raised no objections to the PSR.  ECF No. 29.  A final PSR was filed on March 12, 2019.  ECF No. 30.  In this PSR, Caldwell was assigned a base offense level of 30.  ECF No. 30 ¶ 28.  Caldwell was found to be a career offender and received a Chapter Four Enhancement which increased his offense level to 37. *Id.* ¶ 34.  He received a reduction of three (3) levels for his acceptance of responsibility.  *Id.* ¶¶ 35-36.  His resulting offense level was 34.  *Id.* ¶ 37.  He was given a criminal history category of VI, and his resulting recommended imprisonment range was 262 to 327 months.  *Id.* ¶ 104.

Caldwell, through Mr. Gist, filed a Sentencing Memorandum on April 11, 2019.  ECF No. 33.  In this sentencing memorandum, Mr. Gist outlined Caldwell's life history, medical problems, and other circumstances to support a reduced sentence.  *Id.*  Mr. Gist noted Caldwell "has sincerely committed to his rehabilitation," "has a large support network of family and friends," and should be given a "downward variance to his guideline sentence."  *Id.*  Mr. Gist requested Caldwell not be given any longer than 100 months.  *Id.*

On June 20, 2019, Caldwell appeared before Judge Hickey for sentencing.  ECF Nos. 35-36.  Judge Hickey considered the Sentencing Memorandum filed by Mr. Gist and sentenced Caldwell to one hundred sixty-eight (168) months imprisonment with credit for time served in federal custody; five (5) years supervised release; and $100 special assessment.  ECF No. 36.

Count One was dismissed on a motion by the Government.  *Id.*  Notably, Judge Hickey specifically referenced the matters raised in the Sentencing Memorandum filed by Mr. Gist in her Statement of Reasons for imposing the sentence.  ECF No. 37 (filed under seal).

On June 18, 2020, Caldwell filed the current Motion under 28 U.S.C. § 2255.  ECF No. 40.  After Caldwell was appointed counsel, he filed a supplement to that Motion on July 23, 2020. ECF No. 44.  The Government responded to this Motion on September 29, 2020.  ECF No. 45.  In this response, the Government claims Caldwell's Motion should be dismissed in its entirety.  *Id.* This Motion is now ripe for consideration.

**2.**     **<u>Applicable Law</u>**:

A § 2255 motion is fundamentally different from a direct appeal.  The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice."  *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

**3.**     **<u>Discussion</u>**:

With his Motion and the supplement thereto, Caldwell raises a single claim.  ECF Nos. 40, 44.  Specifically, he claims his counsel was ineffective because he did not object to the career offender enhancement.  *Id.*  Caldwell admits he has two prior Arkansas controlled-substances convictions but claims those convictions do not constitute predicate offenses for a career offender.

4

ECF No. 44 at 4.  In response, the Government argues these state convictions do qualify as predicate offenses, and Caldwell's counsel was not ineffective for failing to raise this issue.  Upon review of Caldwell's argument, the Court finds no basis for relief and recommends this Motion be denied.

### A.  Ineffective Assistance of Counsel Standard

To prevail on an ineffective assistance of counsel claim, a movant must show: (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence", and (2) "the deficient performance prejudiced [his] defense."  *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009) (*quoting Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)).  When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy."  *Toledo*, 581 F.3d at 680 (*quoting Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (*citing Strickland v. Washington*, 466 U.S. 668, 689 (1984)).  "The burden of proving ineffective assistance of counsel rests with the defendant."  *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(*citing United States v Cronic*, 466 U.S. 648, 658 (1984)).

Under the first prong of the *Strickland* test, the Court considers counsel's performance objectively and gauges whether it was reasonable "under prevailing professional norms" and "considering all the circumstances."  *Fields v. United States*, 201 F.3d 1025, 1027 (8th Cir. 2000)(citations omitted).  The Court should examine counsel's challenged conduct at the time of his representation of the defendant and avoid making judgments based on hindsight.  *See id.*  There is typically no basis for finding a denial of effective counsel unless a defendant can show specific errors that "undermined the reliability of the finding of guilt. . . ."  *White,* 314 F.3d at 678.  If, however, "counsel completely fails to subject the prosecution's case to meaningful adversarial

testing, there has been a denial of Sixth Amendment rights making the adversary process presumptively unreliable [and no showing of prejudice is required]." *See id.*

If the Court finds deficient counsel and thus must consider the second prong, prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice can only be found if, "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Maynard v. Lockhart*, 981 F.2d 981, 986 (8th Cir. 1992).

### B. Caldwell's Predicate Offenses

According to the sentencing guidelines, whether a defendant is classified as a "career offender" is governed by U.S.S.G. § 4B1.1(a) which provides as follows:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and *(3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.*

(emphasis added). A "controlled substance offense" includes "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 4B1.2(b).

Caldwell's two prior Arkansas convictions at issue are the following[2]: (1) delivery of a controlled substance (crack cocaine) in Hempstead County, Arkansas, on March 29, 2011, with a

---

[2] Caldwell also references his conviction for possession of marijuana from 2018. ECF No. 44 at 4. Although part of his criminal history, this conviction was not one of the two predicate offenses for Caldwell's career offender status. *See* ECF No. 30 ¶ 34. Only the two convictions from 2011 were used as the predicate offenses. Accordingly, the Court will only address those.

sentence of 180 months; and (2) delivery of a controlled substance (crack cocaine) in Hempstead County, Arkansas, on April 19, 2011, with a sentence of 216 months.  ECF No. 30 ¶¶ 67, 69.  Both of these offenses are convictions pursuant to Arkansas Code Annotated § 5-64-401 (repealed 2011).  It is undisputed that this provision, at the time Caldwell was convicted, criminalized both the offense and the attempted offense.  Thus, this provision is broader and encompasses more conduct than the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b).  As such, Caldwell argues that these offenses do not constitute predicate offense for career offender status.

Caldwell is correct that plain language in the definition of "controlled substance offense" under U.S.S.G. § 4B1.2(b) does not include *attempt* as a part of the offense.  The Application Notes, however, clearly address this issue.  Application Note 1 provides that a "controlled substance offense" "includes the offenses of aiding and abetting, conspiring, and attempting to commit such offenses [controlled substance offenses]."  The U.S. Court of Appeals for the Eighth Circuit has directly addressed the issue of whether Note 1 is interpreted as part of the Guidelines and has held that it should be.  *See U.S. v. Mendoza-Figueroa,* 65 F.3d 691, 694 (8th Cir. 1995).  Specifically, the Eighth Circuit held the following:

> For the foregoing reasons, we conclude that U.S.S.G. § 4B1.2, comment (n. 1), is a reasonable interpretation of the career offender guidelines that is well within the Sentencing Commission's statutory authority.  Because this commentary interprets § 4B1.2 as including *drug conspiracies, the district court properly determined that Mendoza-Figueroa should be sentenced as a career offender.*  The district court correctly applied the career offender provisions in determining Mendoza-Figueroa's sentence.  Accordingly, its judgment must be affirmed.

*Id* (emphasis added)*.*  This holding has also been re-affirmed by more recent decisions from the Eighth Circuit.  *See, e.g., United States v. Jobe,* 807 F. App'x 585 (8th Cir. 2020) (finding no inconsistency between the definition of "controlled substance offense" and Note 1 and recognizing

"Jobe's argument is foreclosed by several decisions of this court holding that Application Note 1 is valid and enforceable").

### C.  Counsel's Failure to Object

Despite Caldwell's claim to the contrary and based upon the caselaw outlined above from the Eighth Circuit, these prior convictions do qualify as predicate offenses for a career offender enhancement.  As such, Caldwell's trial counsel, Mr. Gist, was not ineffective for failing to challenge the career offender enhancement.  *See Garrett v. United States,* 78 F.3d 1296, 1305 (8th Cir. 1996) (recognizing "[i]t is true that if there is no merit to a claim, failure to raise it on appeal does not result in ineffective assistance under *Strickland.*").

Further although the second prong of *Strickland*—prejudice—is not at issue and the career offender enhancement was properly applied, it is worth noting that if the career offender enhancement *had not* been applied, the recommended sentence range for Caldwell considering his criminal history would still have been 130-162 months.[3]  Considering the fact Caldwell was only sentenced to 168 months, which is only six months above the maximum *without* the career offender enhancement, Caldwell's counsel effectively advocated for his client.

Finally, it is worth noting that not only was Mr. Gist not ineffective in this case but also because of his efforts in obtaining a variance from the U.S.S.G. recommended sentence, Caldwell was sentenced to some 94 months below the guideline sentence.

### 4.    <u>Recommendation</u>:

Accordingly, based on the foregoing, the Court recommends the instant Motion (ECF Nos.

---

[3] With the career offender enhancement, he received a recommended range of 262 to 327 months.

40, 44) be **DENIED** and dismissed with prejudice.[4]  The Court further recommends no Certificate of Appealability issue in this matter.

     **The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**.  ***See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

     **DATED this 25th day of January 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[4] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record."  *Urquhart v. Lockhart, 726 F.2d 1316, 1318-19 (8th Cir.1984).*